JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from a judgment of conviction entered by Judge Bridget McCafferty after a jury found Charles Wente guilty of three counts of unlawful sexual conduct with a minor.[1] Wente challenges the verdict on both sufficiency and manifest weight grounds, and also claims his lawyer rendered ineffective assistance of counsel when, at a suppression hearing, he failed to present an expert witness to testify about Wente's mental and behavioral difficulties. We affirm.
 {¶ 2} From the record we glean the following: In January of 2002 the victim, then thirteen years old, was detained by Eastlake police after she and a friend took a relative's car without permission. During the detention she told a police officer that she had been sexually abused by her half-brother, then twenty-two year old Wente. An investigation began and, on March 6, 2002, Wente signed a written statement in which he admitted "misconduct" that involved touching the victim's genitalia. He was indicted on five counts of rape under R.C. 2907.02, each of which alleged that he had engaged in sexual conduct with a person under thirteen years old. The dates of the offenses were alleged to be within six months before the victim's thirteenth birthday. None of the counts alleged the use of force.
 {¶ 3} Apparently because Wente suffers from some mental or behavioral difficulties, including an alleged attention deficit/hyperactivity disorder ("ADHD"), the judge ordered a mental evaluation to determine his competency. He was determined competent to stand trial and the judge denied his pretrial motion to suppress his written confession, which he claimed was constitutionally involuntary.
 {¶ 4} The victim testified that Wente had performed oral sex on her on three different occasions within the alleged time period[2]
and, although she was unsure of the dates of the incidents, she stated that she believed they all occurred prior to her thirteenth birthday. The investigating detective testified about Wente's written confession, and a social services investigator and the victim's relatives also testified about events surrounding the rape allegations. At the close of its case the State voluntarily dismissed two of the five rape counts and, with respect to the three remaining counts, Wente requested that the jury be instructed on the fourth degree felony offense of unlawful sexual conduct with a minor[3] in addition to the rape charges. The State consented to the instruction, as did the judge, each agreeing with Wente that unlawful sexual conduct with a minor was a lesser included offense of rape.
 {¶ 5} Wente presented character evidence from his employer and relatives who stated that he was trustworthy, but also naive and easily manipulated. He attempted to show that the victim's allegations were an attempt to avoid responsibility for her own misbehavior and truancy from school. To support his claim that he was deceived into giving a false confession, Wente tried to call an expert witness to testify about his ADHD. The judge ruled that such testimony would have been relevant only for the earlier hearing on Wente's motion to suppress his confession, where he had not presented an expert's testimony. She excluded it and he did not make a proffer of the evidence at trial.
 {¶ 6} The jury expressed some confusion over the indictment and the instructions because the indictment continued to charge that the incidents occurred on dates prior to the victim's thirteenth birthday, while the instructions nonetheless allowed them to find that the incidents occurred after her thirteenth birthday. The judge re-instructed the jurors that they had the authority, as finders of fact, to determine that the offenses occurred on a date reasonably near the dates alleged in the indictment,[4] and the jury then found Wente not guilty of rape, but guilty of three counts of unlawful sexual conduct with a minor.
 {¶ 7} The judge found that a minimum prison sentence was not appropriate, that maximum prison terms were justified, and that consecutive sentences for all three counts were necessary and sentenced Wente to three consecutive eighteen month prison terms followed by a mandatory five year period of post-release control. Wente asserts four assignments of error set forth in an attached Appendix.
 I. Ineffective Assistance of Counsel {¶ 8} To prove ineffective assistance of counsel, a defendant must show that his lawyer's representation fell below reasonable professional standards, and that he was prejudiced as a result.[5] The "professional standards" element normally focuses on whether the lawyer's conduct should be viewed as an error or as a reasonable strategic decision, while prejudice is shown if, but for the lawyer's errors, there is a reasonable probability the outcome of the trial would have been different.[6] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[7]
 {¶ 9} Wente claims his trial lawyer's failure to present the expert's testimony at the suppression hearing prejudiced his ability to challenge the voluntariness of his confession. The trial record, however, is inadequate to allow review of this issue because the lawyer did not proffer the expert's testimony after it was excluded at trial. Therefore, we are unable to determine whether that testimony reasonably could have affected the judge's decision to admit the confession or the jury's decision to give it credibility.
 {¶ 10} Although the point has not been raised, we also note that the judge apparently erred in excluding the expert's testimony on the grounds that it should have been offered during the suppression hearing. A defendant retains the ability to challenge the credibility of his confession even after a judge has found it voluntary and admissible.[8]
The first assignment of error is overruled.
 II. Sufficiency/Manifest Weight {¶ 11} The second and fourth assignments challenge the sufficiency of the evidence,[9] while the third assignment challenges manifest weight. We first note that Wente requested the unlawful sexual conduct instructions and has not challenged the indictment on appeal. Therefore, even though it appears that the judge and the parties mistakenly concluded that unlawful sexual conduct with a minor was a lesser included offense of rape,[10] Wente waived any error with respect to the indictment by requesting the instructions.[11]
 {¶ 12} We address a sufficiency challenge to determine "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[12] A sufficiency challenge presents a question of law and does not allow the reviewing court to weigh the evidence.[13] In contrast, the purpose of manifest weight review is to determine "whether the evidence produced attains the high degree of probative force and certainty required of a criminal conviction."[14] Instead of looking for merely sufficient evidence, manifest weight review tests whether the verdict is supported by substantial evidence.[15] Although the scope of review broadens, the standard of review is more deferential. Under the manifest weight test:
"The court, reviewing the entire record, weighs the evidence and allreasonable inferences, considers the credibility of witnesses anddetermines whether in resolving conflicts in the evidence, the juryclearly lost its way and created such a manifest miscarriage of justicethat the conviction must be reversed and a new trial ordered. Thediscretionary power to grant a new trial should be exercised only in theexceptional case in which the evidence weighs heavily against theconviction."[16]
 {¶ 13} The insufficiency and manifest weight challenges both claim that the victim failed to provide adequate details concerning the dates and circumstances of the sexual incidents and that her testimony concerning the incidents was at times conflicting. The verdict indicates that the jury found the evidence inadequate to prove that the sexual incidents occurred before the victim's thirteenth birthday, although it did conclude that the incidents occurred. There is no dispute that the victim was below sixteen years old at the time of any sexual conduct, so the only relevant element of the offense is whether the incidents occurred. Again, because Wente requested instructions on unlawful sexual conduct with a minor, he cannot now claim that the dates of the offenses were insufficiently or inadequately established. If the jury concluded that sexual conduct occurred, the incidents necessarily satisfied the elements of one of the offenses regardless of the dates they occurred. Wente cannot now seek acquittal on the basis that the jury should have convicted him of rape.
 {¶ 14} The victim's testimony, if believed, was sufficient to allow a reasonable jury to find that sexual conduct occurred. Although her testimony contained inconsistencies, she also gave consistent answers on a number of specifics, including the places where the three charged incidents occurred and that the incidents began while she was sleeping and she awoke to find Wente performing sexual acts. Any inconsistencies in the victim's testimony and in the remainder of the evidence were not so fundamental as to make the allegations impossible or so highly improbable that no rational jury could find Wente guilty. Therefore, the sufficiency challenges in the second and fourth assignments of error are overruled.
 {¶ 15} Although the manifest weight challenge allows us to assess the credibility of the evidence, we do not find that the victim's testimony was so unreliable that the jury "lost its way" in returning a guilty verdict. Despite the inconsistencies, the jury had the opportunity to assess the victim's demeanor, and the inconsistencies in her testimony are not so great that the jurors could not have resolved them based on their personal observations of the witness and the remaining evidence. The basic structure of the victim's allegations, including the general times, places, and circumstances of the incidents, remained consistent and her allegations also were consistent with the evidence provided by the other witnesses. The jury could have determined, without working a manifest injustice, that inconsistencies in the victim's testimony resulted from her incomplete memory, the stress of her testimony, her lack of education and her inability to understand questions posed to her, or from some combination of these factors. We are not convinced that the verdict was against the manifest weight of the evidence, and thus the second assignment of error is overruled.
Judgment affirmed.
 APPENDIX: WENTE'S ASSIGNED ERRORS {¶ 16} "I. Trial counsel provided ineffective assistance of counsel."
 {¶ 17} "II. Wente's conviction is against the manifest weight of the evidence. Thus, the jury's verdict must be reversed."
 {¶ 18} "III. Wente submits that the evidence proffered by the state was insufficient to sustain a conviction."
 {¶ 19} "IV. The trial court abused its discretion by overruling trial counsel's Crim.R. 29(A) motion."
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, A.J., and ANTHONY O. CALABRESE JR., J., concur.
[1] R.C. 2907.04.
[2] The victim also testified that Wente sexually abused her on a number of different occasions prior to the incidents charged in the indictment.
[3] R.C. 2907.04.
[4] See State v. Sellards (1985), 17 Ohio St.3d 169, 171-172, 17 OBR 410, 478 N.E.2d 781 (noting, however, that specific dates can be crucial to the defense where age is an element at issue).
[5] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Johnson, 88 Ohio St.3d 95, 108,2000-Ohio-276, 723 N.E.2d 1054.
[6] Strickland, 466 U.S. at 687-94.
[7] Id. at 694.
[8] Crane v. Kentucky (1986), 476 U.S. 683, 688-89, 106 S.Ct. 2142,90 L.Ed.2d 636; State v. Bailey (1992), 90 Ohio App.3d 58, 69,627 N.E.2d 1078.
[9] Wente's fourth assignment alleges the judge erred in overruling his Crim.R. 29 motion, which is in this case indistinguishable from his overall sufficiency claim.
[10] State v. Deem (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus. One cannot commit both offenses in a single act because the victim cannot be both under and over age thirteen at the same time.
[11] State v. Gabarik (Mar. 14, 2001), Summit App. No. 20047.
[12] (Emphasis sic.) State v. Stallings, 89 Ohio St.3d 280, 289,2000-Ohio-164, 731 N.E.2d 159 (quoting Jackson v. Virginia (1979),443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560).
[13] State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 OBR 415,485 N.E.2d 717, 720.
[14] State v. Getsy, 84 Ohio St.3d 180, 193, 1998-Ohio-533,702 N.E.2d 866.
[15] Id.
[16] Martin, 20 Ohio App.3d at 175.